James D. Holman, ISB #2547
Ryan S. Dustin, ISB #8683
THOMSEN HOLMAN WHEILER, PLLC
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277
holman@thwlaw.com
dustin@thwlaw.com

  Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| COLLETTE HERRICK, JULIENE ATWOOD, and TEESHA MITCHELL | ) ) ) | Case No. _____ |
| Plaintiffs, | ) ) | |
| v. | ) ) | **COMPLAINT** **AND DEMAND FOR JURY TRIAL** |
| POTANDON PRODUCE, LLC, a limited liability company, KENT M. ROMRELL, DICK THOMAS, JAMEY HIGHAM, TRAVIS HESS, MEL DAVENPORT, STEVE OTTUM, and J.P. SURERUS, individuals, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs Collette Herrick, Juliene Atwood and Teesha Mitchell (collectively "Plaintiffs") for cause of action against Defendants Potandon Produce LLC, Kent M. Romrell, Dick Thomas, Jamey Higham, Travis Hess, Mel Davenport, Steve Ottum and J.P. Surerus state and allege as follows:

   1.  This Court has jurisdiction pursuant to the Equal Pay Act of 1963, 29 U.S.C. § 206(b) and the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1).

2. Plaintiff Collette Herrick is a resident of Bingham County, Idaho.

3. Plaintiff Juliene Atwood is a resident of Jefferson County, Idaho.

4. Plaintiff Teesha Mitchell is a resident of Bonneville County, Idaho.

5. Defendant Potandon Produce, LLC is a limited liability company, organized under the laws of the state of Delaware and authorized to do business in the state of Idaho. At all times relevant hereto Defendant was doing business in the state of Idaho.

6. Defendant Potandon Produce, LLC is an employer within the meaning of 29 U.S.C. §203(d) and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), Fair Labor Standards Act of 1938.

7. Defendant Kent M. Romrell was the Senior Vice President of Sales of Potandon Produce, LLC. Kent M. Romrell is a person acting directly or indirectly in the interest of Potandon Produce, LLC in relation to Plaintiffs and an employer within the meaning of 29 U.S.C. § 203(d).

8. Defendant Dick Thomas is the Senior Vice President of Potandon Produce, LLC. Dick Thomas is a person acting directly or indirectly in the interest of Potandon Produce, LLC in relation to Plaintiffs and an employer within the meaning of 29 U.S.C. § 203(d).

9. Defendant Jamey Higham is the Vice President of Sales of Potandon Produce, LLC. Jamey Higham is a person acting directly or indirectly in the interest of Potandon Produce, LLC in relation to Plaintiffs and an employer within the meaning of 29 U.S.C. § 203(d).

10. Defendant Travis Hess is the Wholesale Sales Manager for Potandon Produce, LLC. Travis Hess is a person acting directly or indirectly in the interest of Potandon Produce, LLC in relation to Plaintiffs and an employer within the meaning of 29 U.S.C. § 203(d).

11. Defendant Mel Davenport is the co-Chief Operating Officer at Potandon Produce, LLC. Mel Davenport is a person acting directly or indirectly in the interest of Potandon Produce, LLC in relation to Plaintiffs and an employer within the meaning of 29 U.S.C. § 203(d).

12. Defendant Steve Ottum is the co-Chief Operating Officer at Potandon Produce, LLC. Steve Ottum is a person acting directly or indirectly in the interest of Potandon Produce, LLC in relation to Plaintiffs and an employer within the meaning of 29 U.S.C. § 203(d).

13. Defendant J.P. Surerus is the Senior Retail Sales Manager at Potandon Produce, LLC. J.P. Surerus is a person acting directly or indirectly in the interest of Potandon Produce, LLC in relation to Plaintiffs and an employer within the meaning of 29 U.S.C. § 203(d).

## COUNT I
### (Equal Pay Act - 29 U.S.C. § 206(b))

14. At all times relevant hereto Plaintiff Collette Herrick was a female employee of Defendant Potandon Produce, LLC. In or about 1990 Collette Herrick began her employment with Potandon as a scale house operator, stock room assistant and sales associate. In about 1996, Potandon promoted Herrick to the position of sales person. Herrick continued in that role until her resignation on July 24, 2015.

15. At all times relevant hereto Plaintiff Juliene Atwood was a female employee of Defendant Potandon Produce, LLC. In or about 1995, Potandon hired Juliene Atwood as an accounting clerk. She was promoted to sales assistant in about 1996. She was promoted to sales person in about 1998. She remained in that position until she retired on March 14, 2014.

16. At all times relevant hereto Plaintiff Teesha Mitchell was a female employee of Defendant Potandon Produce, LLC. In or about March 2008, Potandon hired Teesha Mitchell as a sales assistant. She was promoted to sales associate in 2009. In about 2013, without changing her

title, Potandon began increasing Teesha Mitchell's responsibilities and effectively treating her as a sales person. Notwithstanding Teesha Mitchell's title as sales associate, from at least 2013 through her resignation in 2015, the essential functions of her job were substantially identical to that of other sales persons at Potandon Produce, LLC.

17. In about 2011, Potandon Produce, LLC hired Travis Hess as a sales person. Travis Hess is male. This male employee occupied a job position that was the same or substantially similar to that of Plaintiffs and required equal skill, effort and responsibility under similar working conditions at the same establishment.

18. In about 2012, Potandon Produce, LLC hired T.J. Johnstone as a sales person. T.J. Johnstone is male. This male employee occupied a job position that was the same or substantially similar to that of Plaintiffs and required equal skill, effort and responsibility under similar working conditions at the same establishment.

19. In about 2013, Potandon Produce, LLC hired Blaine Heiner as a sales person. Blaine Heiner is male. This male employee occupied a job position that was the same or substantially similar to that of Plaintiffs and required equal skill, effort and responsibility under similar working conditions at the same establishment.

20. In about 2013, Potandon Produce, LLC hired Shaun Cox as a sales person. Shaun Cox is male. This male employee occupied a job position that was the same or substantially similar to that of Plaintiffs and required equal skill, effort and responsibility under similar working conditions at the same establishment.

21. Ben McWilliams worked as a sales associate at Potandon Produce, LLC during the time Plaintiff Teesha Mitchell worked at Potandon. Ben McWilliams is male. This male employee

occupied a job position that was the same or substantially similar to that of Teesha Mitchell and required equal skill, effort and responsibility under similar working conditions at the same establishment.

22. Scott Baird worked as a sales associate at Potandon Produce, LLC during the time Plaintiff Teesha Mitchell worked at Potandon. Scott Baird is male. This male employee occupied a job position that was the same or substantially similar to that of Teesha Mitchell and required equal skill, effort and responsibility under similar working conditions at the same establishment.

23. Cameron Garn worked as a sales associate at Potandon Produce, LLC during the time Plaintiff Teesha Mitchell worked at Potandon. Cameron Garn is male. This male employee occupied a job position that was the same or substantially similar to that of Teesha Mitchell and required equal skill, effort and responsibility under similar working conditions at the same establishment.

24. Justin Hart worked as a sales associate at Potandon Produce, LLC during the time Plaintiff Teesha Mitchell worked at Potandon. Justin Hart is male. This male employee occupied a job position that was the same or substantially similar to that of Teesha Mitchell and required equal skill, effort and responsibility under similar working conditions at the same establishment.

25. Matt Leckington worked as a sales associate at Potandon Produce, LLC during the time Plaintiff Teesha Mitchell worked at Potandon. Matt Leckington is male. This male employee occupied a job position that was the same or substantially similar to that of Teesha Mitchell and required equal skill, effort and responsibility under similar working conditions at the same establishment.

26. Tyson Harrington worked as a sales associate at Potandon Produce, LLC during the time Plaintiff Teesha Mitchell worked at Potandon. Tyson Harrington is male. This male employee

occupied a job position that was the same or substantially similar to that of Teesha Mitchell and required equal skill, effort and responsibility under similar working conditions at the same establishment.

27. Chris Matsura worked as a sales associate at Potandon Produce, LLC during the time Plaintiff Teesha Mitchell worked at Potandon. Chris Matsura is male. This male employee occupied a job position that was the same or substantially similar to that of Teesha Mitchell and required equal skill, effort and responsibility under similar working conditions at the same establishment.

28. Ryan Fredrickson worked as a sales associate at Potandon Produce, LLC during the time Plaintiff Teesha Mitchell worked at Potandon. Ryan Fredrickson is male. This male employee occupied a job position that was the same or substantially similar to that of Teesha Mitchell and required equal skill, effort and responsibility under similar working conditions at the same establishment.

29. Notwithstanding the fact that Plaintiffs and the male employees worked at the same or substantially similar positions requiring equal skill, effort, and responsibility under similar working conditions, Defendant Potandon Produce, LLC paid Plaintiffs at a rate less than that paid to the male employees.

30. The different rate of pay was not part of or occasioned by a seniority system, merit system, system based on the quantity or quality of production or upon a factor other than sex.

31. During the period of Plaintiffs' employment, Defendant Potandon Produce, LLC was subject to the provisions of the Equal Pay Act.

32. Defendant's failure to pay to Plaintiffs compensation in an amount equal to that which Potandon Produce, LLC paid to the male employees is a violation of 29 U.S.C. § 206(d)(1), The

6 -     COMPLAINT AND DEMAND FOR JURY TRIAL

Equal Pay Act of 1963. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover from Defendants Potandon Produce, LLC and the individual named defendants, back pay and an additional equal amount as liquidated damages.

33.     Defendant Potandon Produce, LLC and the individual named defendants willfully violated 29 U.S.C. § 206(d)(1) within the meaning of 29 U.S.C. § 255(a).

34.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover from Potandon Produce, LLC and the individual named defendants Plaintiffs' reasonable attorney fees incurred in this action as well as the costs of the action.

## COUNT II
### (Unpaid Overtime - 29 U.S.C. § 207(a)(1))

35.     Plaintiffs re-allege the allegations set forth in paragraphs 1 through 34 as if set forth at length herein.

36.     During the course of Plaintiffs' employment, Defendants regularly and consistently required Plaintiffs, as a condition of their continued employment, to work in excess of 40 hours per week. Notwithstanding the fact that Defendants required Plaintiffs to regularly and consistently work in excess of forty hours per week, Defendants failed to pay Collette Herrick and Juliene Atwood overtime compensation as required by 29 U.S.C. § 207(a)(1), Fair Labor Standards Act of 1938.

37.     Defendants' failure to pay overtime compensation to Herrick and Atwood is a violation of  29 U.S.C. § 207(a)(1), Fair Labor Standards Act of 1938. Pursuant to  29 U.S.C. § 216(b), Plaintiffs Herrick and Atwood are entitled to recover from Defendants the amount of the unpaid overtime compensation and an equal and additional amount as liquidated damages, or pre-judgment interest on the amount of the unpaid overtime compensation.

38. Defendants' violation of 29 U.S.C. § 207(a)(1) was a willful violation within the meaning of 29 U.S.C. § 255(a).

39. Pursuant to 29 U.S.C. § 216(b), Herrick and Atwood are entitled to recover from Defendants Plaintiffs' reasonable attorney fees incurred in this action as well as costs of the action.

WHEREFORE, Plaintiffs pray the judgment, order and decree of this Court against defendants, jointly and severally, as follows:

## COUNT I

1. For an award of damages in the amount of Plaintiffs' back pay, in accordance with 29 U.S.C. § 216(b), in an amount to be proven at trial;

2. For an award of damages in an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), or pre-judgment interest on the unpaid back pay;

3. For Plaintiffs' reasonable attorney fees and costs incurred herein pursuant to 29 U.S.C. §216(b);

## COUNT II

4. For an award of damages in the amount of Plaintiff Collette Herrick's and Plaintiff Juliene Atwood's unpaid overtime wages, in accordance with 29 U.S.C. § 216(b) in an amount to be proven at trial;

5. For an award of damages in an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), or pre-judgment interest on the unpaid overtime wages;

6. For plaintiff's reasonable attorney fees and costs incurred herein pursuant to 29 U.S.C. § 216(b); and

7. For such other and further relief as the Court deems just and proper.

DATED this 11th day of November, 2015.

                                  THOMSEN HOLMAN WHEILER, PLLC

                        By:     /s/
                                James D. Holman, Esq.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of not less than six persons as to all issues triable to a jury in this matter.

DATED this 11th day of November, 2015.

                                  THOMSEN HOLMAN WHEILER, PLLC

                        By:     /s/
                                James D. Holman, Esq.

JDH:RSD
10143\001 Complaint